IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN R. LISCANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-cv-1449 |
| | ) |
| STEVE KALLIS, Warden | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Steven R. Liscano's (hereinafter "Petitioner" or "Liscano") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons stated below, Petitioner's Petition (Doc. 1) is DISMISSED with prejudice pursuant to § 2255(e).

**I. BACKGROUND[1]**

In June 2003, a jury in the United States District Court for the Northern District of Illinois found Liscano guilty of knowingly

---

[1] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 9), unless otherwise noted. See 28 U.S.C. § 2248.

participating in a conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846.  See United States v. Liscano, No. 02-CR-719-16, Presentence Report at pp. 2 (filed at Doc. 11).

Pursuant to 21 U.S.C. § 851, the government filed notice of intent to rely on Liscano's prior convictions at sentencing.  These included a 1995 conviction of possession of a controlled substance in Kane County, Illinois, in violation of 720 ILCS 570/402(c), and a June 2001 conviction for possession of a controlled substance in Kane County, Illinois, in violation of 720 ILCS 570/402(c).  In both instances, the charging documents alleged that Liscano "knowingly and unlawfully possessed less than 15 grams of a substance containing cocaine, a controlled substance."

While both convictions were under the same statute, between his 1995 conviction and his 2001 conviction the statute was amended to include the following language: "A violation of this Act with respect to each of the controlled substances listed herein constitutes a single and separate violation of this Act."  720 ILCS 570/402 (2000).  The 1995 statute under which Liscano was convicted provided, "[e]xcept as otherwise authorized by this Act, it

is unlawful for any person knowingly to possess a controlled or counterfeit substance." 720 ILCS 570/402 (1995). The 1995 statute then set different penalties for differing amounts of cocaine starting at 15 grams. 720 ILCS 570/402(a)(2)(A) (1995). Possession of less than 15 grams, however, fell into subsection (c), which provided, "[a]ny person who violates this Section with regard to an amount of a controlled or counterfeit substance not set forth [in the other sections] is guilty of a class 4 felony." The sentencing court found that these two prior convictions were felony drug offense convictions.

Due to the drug weight involved and Liscano's two prior felony drug offense convictions, he faced a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). The district court sentenced him to life, and the Seventh Circuit affirmed the district court's judgment on appeal. United States v. Bustamante, 493 F.3d 879, 882 (7th Cir. 2007).

Liscano filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in March 2009, arguing various claims of ineffective assistance of counsel. The district court denied his motion on July

18, 2011.  The Seventh Circuit denied his request for a certificate of appealability.

Liscano filed the instant Petition (Doc. 1) pursuant to 28 U.S.C. § 2241, arguing that his 1995 predicate offense should not have counted as a prior felony drug offense in light of the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016).  Respondent filed a Response (Doc. 9), and Liscano filed his Reply (Doc. 12).  This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus."  Camacho v. English, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)).  The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to

obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016), cert. denied sub nom. Montana v. Werlich, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)).

The "second condition has two components: retroactivity and prior unavailability of the challenge." Montana, 829 F.3d at 784. And this "second prong" of the "second condition" "is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original

'section 2255 motion, as the law was squarely against him.'" <u>Id</u>. (citing <u>Webster v. Daniels</u>, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)).

### III. DISCUSSION

Respondent argues that Petitioner has failed to meet the requirements to proceed under the § 2255(e) savings clause. Specifically, Respondent argues that <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016), did not announce a new rule that applies retroactively, that Liscano's claim was not previously unavailable, and that he has not shown a miscarriage of justice.  There does not appear to be any doubt that Liscano meets the first condition of the test, as <u>Mathis</u> is a statutory interpretation case.  However, the Court agrees with Respondent that <u>Mathis</u> did not announce a new retroactive rule and that Liscano's <u>Mathis</u>-type argument was available to him during his direct appeal and initial § 2255 motion. Accordingly, the Petition must be DISMISSED with prejudice pursuant to § 2255(e).

### A. <u>Mathis</u> is Not Retroactive.

The Seventh Circuit has not directly addressed the issue of whether <u>Mathis</u> announced a new rule that applies retroactively,

and district courts in the Seventh Circuit are split on the issue. Compare, e.g., Pulliam v. Krueger, No. 16-cv-1379-JES, 2017 WL 104184 (C.D. Ill. Jan. 10, 2017) (finding that Mathis was new and retroactive for purposes of meeting the § 2255(e) savings clause) Wadlington v. Werlich, No. 17–CV–449, 2017 WL 3055039, at *3 (S.D. Ill. July 17, 2017) (same); Winters v. Krueger, No. 217CV00386, 2018 WL 2445554, at *2 (S.D. Ind. May 31, 2018) (same); with Neff v. Williams, No. 16–CV–749, 2017 WL 3575255, at *2 (W.D. Wis. Aug. 17, 2017) (Mathis "merely reaffirmed its 1990 holding in Taylor"); Robinson v. Krueger, No. 1:17–CV–01187, 2017 WL 2407253, at *5 (C.D. Ill. June 2, 2017) (same).

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original). This Court has previously found that Mathis did not announce a new rule that must apply retroactively for the purposes of the § 2255(e) test. See Bassham v. Kallis, 18-cv-1285 (C.D. Ill. Jan. 8, 2019). See also Brooks v. United States, No. 17-2168, 2017 WL 3315266, at *3–4 (C.D. Ill. Aug. 3, 2017) (finding that Mathis did not apply retroactively for the purposes of § 2255(f)(3),

which requires a new retroactive rule to meet the one-year deadline to file an initial motion under § 2255). The Court's prior holdings relied on the language in Mathis, which appears to contradict any assertion that Mathis announced a new rule:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

Mathis, 136 S. Ct. at 2257. Therefore, the Court agrees with the Respondent and finds that Mathis is not a new rule that applies retroactively. Accordingly, Liscano's claim fails to meet the first prong of the second condition to fall within the § 2255(e) savings clause.

### B. Liscaro's Mathis-Type Argument was Not Previously Unavailable.

Liscano has also failed to show that his claim was "previously unavailable" to him—the second prong of the second condition to

fall within the § 2255(e) savings clause.  A claim is previously unavailable "if '[i]t would have been futile' to raise a claim in the petitioner's original "section 2255 motion, as the law was squarely against him."  Montana, 829 F.3d at 784 (*citing Webster*, 784 F.3d at 1136).  See also, Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent ..." can a petitioner satisfy the second prong of the test); Ojeda v. Williams, 734 F. App'x 370, 372 (7th Cir. 2018) (denying petitioner's Mathis-based § 2241 petition because "as a formal matter" the petitioner's Mathis-type argument "could have been raised on direct appeal or in a § 2255 motion within one year of [petitioner's] 2002 sentence").

    Liscano points to the Seventh Circuit case of United States v. Shannon, 110 F.3d 382 (7th Cir. 1997), as evidence that his argument was foreclosed during his direct appeal and initial § 2255 proceeding.  In Shannon, the Seventh Circuit held that sexual intercourse with a 13-year old was a crime of violence.  Id. Liscano does not explain how this case would have foreclosed his

argument that his prior drug offense was not categorically a felony drug offense, nor how it relates to his argument at all.

Further, in a recent case the Seventh Circuit noted that "[d]etermining whether a given state conviction qualifies as a felony drug offense under § 802(44) . . . is a question of first impression for this court." United States v. Elder, 900 F.3d 491, 498 (7th Cir. 2018). Given that the Seventh Circuit had not determined whether the categorical approach even applied to the definition of a felony drug offense, it is unclear how Liscano's more specific argument could have been foreclosed by "binding circuit precedent." Accordingly, the Court finds that Liscano has not shown that his claim was previously unavailable. As his claim meets neither of the prongs for the second condition for falling within the § 2255(e) savings clause, this Court does not have jurisdiction over his § 2241 Petition and it must be dismissed.

### C. The Court Declines to Determine Whether There Has Been a Miscarriage of Justice.

Because the Court finds that the Petition must be dismissed under the second condition, the Court declines to consider whether there has been a miscarriage of justice. However, the

Court notes that Seventh Circuit precedent decided after the briefing in this case repudiates the Government's argument that a "felony drug offense" for the purpose of the § 841(b)(1)(A) enhancement, as defined at 21 U.S.C. § 802(44), should be read to include any statute that relates to a listed substance, and indicates that Petitioner's 1995 conviction is not a "felony drug offense." See United States v. Elder, 900 F.3d 491, 498 (7th Cir. 2018) (instructing courts to use the categorical approach to determine whether a state law drug conviction is a "felony drug offense" under § 802(44), and finding a similar indivisible state statute to not qualify as a felony drug offense). However, whether or not this error amounts to a miscarriage of justice, the Court does not have jurisdiction to address it under § 2241.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice pursuant to § 2255(e). This case is CLOSED.

**ENTER: February 5, 2019**

**FOR THE COURT:**

_s/ Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**